# Court of Appeals
## Tenth Appellate District of Texas

---

### 10-25-00060-CR

---

Cody Lee Cornett,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
249th District Court of Johnson County, Texas
Judge Tiffany Strother, presiding
Trial Court Cause No. DC-F201800256

---

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Cody Lee Cornett appeals the trial court's judgments adjudicating his guilt on three counts of aggravated assault against a public servant and sentencing him to fifteen years in prison on each count. *See* TEX. PENAL CODE ANN. § 22.02(b)(2)(B). In two issues, Cornett challenges the voluntariness of his original guilty pleas and contends that the trial court erred by denying his

requested continuance based on inadequate notice of the State's first-amended motions to adjudicate guilt. We affirm.

## Background

On August 9, 2018, pursuant to a plea agreement, Cornett pled guilty to three counts of aggravated assault against a public servant. On all three counts, in accordance with the plea agreement, the trial court deferred a finding of guilt and placed Cornett on ten years of deferred adjudication community supervision.

The State filed motions to proceed with an adjudication of guilt on all three counts on August 30, 2024. On February 3, 2025, one day prior to the scheduled hearing on the motions, the State filed first-amended motions to proceed with an adjudication of guilt on each count. At the hearing on the motions, Cornett's trial counsel objected "to commencing a proceeding today without the three-days' notice under [article] 29.035 or the ten-days' notice in [article] 28.01 to prepare for hearing." *See* TEX. CODE CRIM. PROC. ANN. arts. 28.01, 29.035. In response to trial counsel's objections, the State informed the trial court that it filed the amended motions to correct a date listed in one of the allegations. The original motions alleged that Cornett tested positive for cocaine on or about September 28, 2022 and signed an admission of use form admitting that he used cocaine on or about September 26, 2024. The amended

motions maintained that Cornett tested positive for cocaine on or about September 28, 2022, but corrected the date that he admitted to using cocaine to September 26, 2022, and added the exact date that he signed the admission of use form.

Cornett then objected to proceeding with the adjudication hearing because his original pleas in 2018 were involuntary. Specifically, he argued that the original plea paperwork indicated that he was incorrectly admonished as to the minimum end of the punishment range for his offenses. The written admonishments indicated that he was subject to an enhanced punishment range of fifteen to ninety-nine years in prison when the correct range of punishment was five to ninety-nine years in prison. Cornett claimed that he was coerced into accepting deferred adjudication community supervision based on the incorrect belief that he was subject to a minimum of fifteen years in prison if he went to trial.

The trial court overruled Cornett's objections. Cornett then pled "true" to several of the violations alleged in each of the motions, including the complained-of amended allegation correcting the admission-of-use date.[1]

---

[1] Cornett pled "true" to the following violations on all three counts: (1) committing a new offense of possession of a controlled substance in an amount of less than one gram; (2) testing positive for cocaine on September 28, 2022 and signing an admission of use form on October 4, 2022 stating that he used cocaine on September 26, 2022; (3) testing positive for Tramadol on September 28, 2022; (4) admitting to marijuana use on or about July 28, 2024 prior to driving; and, (5) traveling out of state without a travel pass in July 2024. In count one, he additionally pled "true" to submitting a diluted urinalysis test on September 6, 2023.

Several witnesses, including Cornett, testified at the hearing. The trial court found "true" each of the violations to which Cornett pled "true," adjudicated his guilt, and sentenced him to fifteen years in prison on each count.

**Voluntariness of Original Pleas**

In his second issue, Cornett claims that the trial court erred in overruling his objection that the inaccurate range-of-punishment admonishments in his original plea paperwork rendered his original guilty pleas involuntary. He contends that we must "vacate the adjudication[s] and remand for a new plea proceeding[.]"

An application for writ of habeas corpus under article 11 of the Code of Criminal Procedure is the proper procedural vehicle to challenge the voluntariness of a plea-bargaining defendant's plea. *See Jordan v. State*, 54 S.W.3d 783, 786-87 (Tex. Crim. App. 2001); *Carnley v. State*, 682 S.W.3d 287, 288 (Tex. App.—Waco 2023, no pet.); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.

We therefore dismiss Cornett's second issue because we have no jurisdiction to consider it.

## Continuance

In his first issue, Cornett argues that the trial court abused its discretion by overruling his oral request for a continuance on the basis that he had inadequate notice of the State's first-amended motions to adjudicate.

We review a trial court's decision to deny a request for continuance for an abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007).

Neither of the statutes cited by Cornett on appeal support his argument for error. Article 28.01 applies to specific pre-trial settings in criminal cases before a trial upon the merits. *See* TEX. CODE CRIM. PROC. ANN. art. 28.01, § 1. It states:

> any such preliminary matters not raised or filed seven days before the hearing will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown; provided that the defendant shall have sufficient notice of such hearing to allow him not less than 10 days in which to raise or file such preliminary matters.

*See id.* at § 2. Cornett cites no authority indicating that the pre-trial hearing notice provisions of article 28.01 apply to an adjudication hearing. *See id.* at § 1. Cornett also cites to article 29.03 of the Code of Criminal Procedure, contending that it "mandates that a motion for continuance 'shall be granted'

where the defendant is not at fault for the need for delay."[2]  Article 29.03

provides that a criminal action "may be continued on written motion of the

State or of the defendant, upon sufficient cause shown; which cause shall be

fully set forth in the motion."  TEX. CODE CRIM. PROC. ANN. art. 29.03.  A

written motion for continuance is not at issue in this case.

Notwithstanding any untimeliness of the amended motions, an

appellant must show that he was "actually prejudiced" by the denial of a

request for a continuance to establish that a trial court abused its discretion.

*Gallo*, 239 S.W.3d at 764.  Cornett contends that trial counsel may have had

inadequate time to assess whether the amendment "affected the legal posture

or defenses" and that the "absence of minimum notice undermined the

integrity of the hearing and prejudiced [his] ability to respond," but he does not

explain how.  *See Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996)

("That counsel merely desired more time to prepare does not alone establish

an abuse of discretion").  Cornett does not identify any specific prejudice he

suffered from being denied additional time to address the complained-of

amendment.  Further, Cornett subsequently pled "true" to the amended

violation.  He also pled "true" to multiple other violations that were included

---

[2] Trial counsel objected under article 29.035 of the Code of Criminal Procedure, not article 29.03. Appellate counsel's citation to article 29.03 may be a typographical error; however, article 29.035 also does not state that "a motion for continuance 'shall be granted' where the defendant is not at fault for the need for delay" as argued on appeal.  *See id.* at art. 29.035(a).

in the original motions to adjudicate filed several months before the hearing. A plea of "true" standing alone is sufficient to support an adjudication of guilt and revocation of community supervision. *See Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015). Any one of the unchallenged violations supported Cornett's adjudication and revocation. We hold that the trial court did not abuse its discretion in denying Cornett's motion for continuance.

Accordingly, we overrule Cornett's first issue.

## Conclusion

Having overruled Cornett's first issue and dismissed his second issue on appeal, we affirm the judgments of the trial court in counts one, two, and three.

STEVE SMITH
Justice

OPINION DELIVERED and FILED: December 18, 2025

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Affirmed
Do not publish
CR25

